888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor Orlando NUNEZ, Defendant-Appellant.
 No. 89-5138.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1989.
Decided Oct. 23, 1989.
 
 Victor Orlando Nunez, appellant pro se.
 Glenda Gay Gordon, Office of the United States Attorney, for appellee.
 Before WIDENER and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Victor Orlando Nunez was convicted after a jury trial of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Nunez was sentenced on November 8, 1988, under the sentencing guidelines, to concurrent terms of imprisonment of 100 months for each offense. Judgment of conviction was entered on the district court's docket on November 10, 1988. Nunez filed a pro se notice of appeal on May 8, 1989.
 
 
 2
 At the outset we observe that Nunez had made a decision to appeal his convictions prior to the expiration of the 10-day period within which the appeal would have been timely. See Fed.R.App.P. 4(b). The record contains a copy of a letter dated November 22, 1988, that Nunez's trial attorney wrote Nunez in response to a letter received from Nunez on November 21, 1988, requesting assistance in appealing his convictions. The attorney incorrectly informed Nunez that in order for his appeal to have been timely the notice of appeal should have been filed no later than November 18, 1988. The attorney also informed Nunez that he saw no grounds for an appeal, that the sentence of 100 months was fair, and that Nunez should get someone else to handle the appeal. Had Nunez's attorney, whose office is in Baltimore, Maryland, complied with Nunez's request to file a notice of appeal on November 21st the appeal would have been timely.
 
 
 3
 Nunez's attorney's failure to note the appeal upon request was contrary to the Plan adopted by the Judicial Council of the Fourth Circuit in implementation of the Criminal Justice Act. Under the Plan, every attorney who represents a defendant in the district court shall continue to represent the client after termination of those proceedings, unless counsel is relieved of further responsibility by this Court. Nunez's attorney, therefore, was required to note the appeal and then move to withdraw in this Court pursuant to Anders v. California, 386 U.S. 738 (1967). In that event, this Court would make an independent determination as to whether there were any meritorious issues in the appeal.
 
 
 4
 The record in this case demonstrates conclusively that Nunez was denied the effective assistance of counsel. The remedy is to allow Nunez's appeal, appoint another lawyer, and consider the case on the merits.
 
 
 5
 IT IS SO ORDERED.